IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC-19-532 |
| | * | |
| TYREK MONTEZ ARRINGTON, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

## MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America, by and through its attorneys, hereby submits this motion for an order excluding time under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7), and in support thereof submits the following:

1. On March 10, 2021, a grand jury in the District of Maryland returned a superseding indictment which charged Tyrek Montez Arrington ("the Defendant") with Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) ("Count One"); Use, Carry, Brandish, and Discharge of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Two"); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count Three"). (ECF No. 40).

2. Following a three-day trial, the jury found the Defendant guilty of all counts. (ECF No. 69). On July 30, 2021, the Court sentenced the Defendant to a total term of 132 months' imprisonment. (ECF No. 87). On August 3, 2021, the Defendant appealed to the Fourth Circuit of Appeals which affirmed the district court's judgment. (ECF No. 90, 115).

3. On March 15, 2024, the Defendant filed a Motion to Vacate, Set Aside, or Correct the Sentence 28 U.S.C. § 2255 ("the § 2255 Motion"). (ECF. No. 117).

4. On September 30, 2024, the Court issued a Memorandum Opinion in which it denied the § 2255 Motion as to all claims except for the Defendant's argument based on his trial counsel's concession of guilt without his consent, for which the Court deemed an evidentiary hearing necessary. (ECF No. 130).

5. On December 17, 2024, the Court held an evidentiary hearing on the Defendant's § 2255 Motion. (ECF No. 143).

6. On March 13, 2025, the Court issued a Memorandum Opinion in which it granted the § 2255 Motion as to the Defendant's claim relating to concession of guilt, vacated the Defendant's convictions and sentences on Counts 1 and 2, and directed a new trial on those counts be set. (ECF No. 150).

7. In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an information or indictment shall commence within seventy days from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs. However, pursuant to 18 U.S.C. § 3161(h)(7), the Court may grant a continuance of speedy trial when the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

8. The Government submits that the ends of justice would be served by a tolling of the Speedy Trial clock between March 13, 2025, through and including, May 13, 2025. As noted above, the Court has ordered a new trial be set on Counts 1 and 2. On March 13, 2025, undersigned counsel for the Government sent an email to prior appointed counsel, Brent Newton, to confirm whether he will be representing the Defendant moving forward. Mr. Newton responded, via return email, that he is out of the country and intends to reach out to the Defendant regarding the Court's most recent order. Therefore, additional time is needed for Counsel for the Defendant to confer

with his client. Additional time is also necessary to allow the Government and Counsel for the Defendant, to prepare for trial, which will include, but is not limited to, speaking with and preparing potential witnesses and reviewing the physical evidence. Therefore, a continuance would permit the attorney for the Government and Counsel for the Defendant the reasonable time necessary for this effective preparation, including time to discuss possible pre-trial resolutions in this case, taking into account the exercise of due diligence.

9. Additionally, the Government seeks additional time to engage in plea negotiations with the Defendant. Specifically, the Government would use the excluded period of time to engage in further negotiations with the Defendant. A pre-trial resolution would pretermit the need for trial and serve the interests of justice and judicial economy.

10. Counsel for the Defendant consents to this motion.

11. For the foregoing reasons, the ends of justice will be served by excluding the time from **March 13, 2025 through and including, May 13, 2025**, in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h)**,** and those ends outweigh the best interests of the public and the Defendant in a speedy trial.

WHEREFORE, counsel for the Government moves that the Court issue an order excluding the time from **March 13, 2025 through and including, May 13, 2025**, in computing the time within which trial must commence, pursuant to the Speedy Trial Act.

A proposed order is attached.


        Respectfully submitted,

        Kelly O. Hayes
        Acting United States Attorney

By: _____/s/_____
        Brittany Appleby-Rumon
        Special Assistant United States Attorney